UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP KELLEY,<br><br>                       Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>                       Defendant. | Case No.: 19-CV-1772-WVG<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**[Doc. No. 3.]** |

Kelley files for leave to proceed in forma pauperis on his complaint. (Doc. No. 3.) The Court reviews Plaintiff's complaint under 28 U.S.C. § 1915(e), as is required when a plaintiff files a motion to proceed in forma pauperis. The Court finds that Kelley's complaint completely fails to state a claim for relief. However, the IFP application shows the inability to pay the filing fee. Thus, the Court GRANTS Kelley's IFP motion, and the Complaint is DISMISSED WITH LEAVE TO AMEND.

## I. MOTION FOR IFP

Kelley moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for

---

[1] The Clerk of Court is directed to substitute Andrew Saul, Commissioner of Social Security, in as the correct named defendant.

1

writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Here, Plaintiff has no income or assets except for an unspecified amount of food stamps. Therefore, based on the income and assets available to Plaintiff, the Courts finds he cannot afford to pay the normal fees and costs without undue hardship.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 12CV973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, No. 15CV1086-JCM-NJK, 2015 WL

3630961, at *2 (D. Nev. June 9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

Based on the Court's review of the complaint, the Court finds Kelley utterly failed to allege any facts to state a claim for relief. His complaint lacks all detail and fails to set forth any basis for his contention that the Commissioner's decision was wrong. Kelley cannot simply state he wishes the Court to "review my social security claim" in its entirety. He must identify reasons why he believes the Social Security Administration incorrectly determined his claim.

### III. CONCLUSION

Kelley's motion to proceed IFP is GRANTED, and the Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff must file and serve the first amended complaint by **October 15, 2019**. Kelley's amended complaint should actually contain factual allegations and "should state specifically why the facts of his situation did not support those of the ALJ's legal conclusions that he contends were not supported by substantial evidence." *Hoagland*, 2012 WL 2521753, at *2. Kelley is strongly encouraged to seek the assistance of an attorney to draft and submit his next complaint.

**IT IS SO ORDERED.**

DATED: September 17, 2019

Hon. William V. Gallo
United States Magistrate Judge